UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARDON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) | CASE NO. 1:04CV795 |
| Plaintiff-Appellant, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | **OPINION AND ORDER** |
| A.D. AND THE PARENTS OF A.D., | ) ) | |
| Defendants-Appellees | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Plaintiff-Appellant Chardon Local School District Board of Education's Motion to Dismiss Defendants-Appellees' Counterclaim (ECF DKT #12) and the parties' Cross-Motions for Summary Judgment (ECF DKT ## 17 & 18).  For the reasons that follow, Plaintiff-Appellant's Motion to Dismiss the Counterclaim is denied; Plaintiff-Appellant's Motion for Summary Judgment is granted in part and denied in part; Defendant-Appellees' Motion for Summary Judgment is granted in part and denied in part; and the instant appeal is dismissed.

## I. FACTUAL BACKGROUND

The student, A.D., is a thirteen-year-old girl who has been diagnosed with autism, and who has been determined to be a child with a disability as defined by the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. The Chardon Local School District was, at pertinent times, her home school district of residence, and was required to provide her with special education and related services. An Individualized Education Program ("IEP") was developed for this student, providing for her to be educated in a regular education classroom with non-impaired peers for a portion of each school day. In June of 2002, the parents of A.D. were advised of a new program, STARS, designed to serve children with autism and they consented to place A.D. in the program. When disagreements arose, the school district and the parents signed a Mediation Agreement, dated September 25, 2002, which required an opportunity to discuss the need for Extended School Year ("ESY") services; required Plaintiff-Appellant and Defendants-Appellees to meet to consider further opportunities for inclusion; provided that A.D. would receive weekly community outings; and required the District to provide the parents with monthly notification of those community outings.

The parents developed concerns and disagreement with how the IEP was progressing and requested an impartial due process hearing. On October 21, 2003, the Impartial Hearing Officer ("IHO") determined that the District failed to provide prior written notice of denying inclusion in regular education classes; that the District breached the Mediation Agreement by failing to provide notification of weekly outings; that A.D. did receive the benefit of an educational plan ( therefore, a "free appropriate public education," i.e., "FAPE"); and awarded twenty-four hours of compensatory education.

The parties appealed the decision of the IHO to the State Level Review Officer ("SLRO"). The SLRO, on March 15, 2004, found in favor of the District, except for finding a violation of the requirement to hold a meaningful IEP meeting on ESY services. The SLRO also upheld the twenty-four compensatory educational/recreational hours arising out of the breach of the notification obligation. Yet, these findings of violations did not result in the loss of an educational opportunity; denial of a FAPE, nor prevent the parents from meaningfully participating in the IEP process.

On April 29, 2004, the Chardon Local School District Board of Education filed its Administrative Appeal and Complaint from the decision of the Ohio Department of Education. The appeal prays that the Court reverse the decision of the SLRO finding the District denied the Defendants-Appellees a meaningful opportunity to discuss ESY and breached the Mediation Agreement, and affirming the decision in all other respects.

On April 30, 2004, A.D. and the parents of A.D. filed their Answer and Counterclaim, seeking dismissal of Plaintiff-Appellant's Complaint, injunctive relief, compensatory education, attorney fees and costs. The Counterclaim was amended on July 8, 2004.

The District has moved to dismiss the Amended Counterclaim on the grounds of collateral estoppel and statute of limitations. Pursuant to the IDEA and parallel Ohio law, Ohio Revised Code Section 3323.05(F), "any party who had a due process hearing before an IHO regarding the identification, evaluation or educational placement of a disabled child and appeals the IHO's ruling to an SLRO, may appeal 'the final order [of the SLRO] within forty-five days of notification of the order to the court of common pleas of the county in which the child's school district of residence is located'" or to the federal district court of competent

jurisdiction. *Cleveland Heights-University Heights City School District v. Boss*, 144 F. 3d 391, 396 (6th Cir.1998) at fn. 3. The District argues that the parents, though filing a counterclaim, did not file a timely appeal, and, therefore, are collaterally estopped from raising any issues about the SLRO decision after the expiration of the forty-five day time limit. In addition to the Motion to Dismiss, both parties have filed Cross-Motions for Summary Judgment in their favor.

## II. LAW AND ANALYSIS

### STANDARDS OF REVIEW

#### Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Roth Steel Products v. Sharon Steel Co.*, 705 F. 2d 134, 155 ( 6th Cir. 1983). In order for a court to dismiss a complaint (or counterclaim) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint (or counterclaim) that the plaintiff (or counter-claimant) can prove no set of facts entitling him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

#### Motion for Summary Judgment

A summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts

to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See, Anderson v..Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### IDEA Administrative Determinations

The Sixth Circuit has held that district courts are to use a "modified de novo" standard to review state administrative determinations pursuant to the IDEA. *Doe v. Bd. Of Educ*., 9 F. 3d 455, 458 (6th Cir. 1993).  "This means that, in performing a 'de novo' review, a court 'should give due weight to the state administrative proceedings in reaching its decision.'" *Id.* (quoting *Roncker ex rel. Roncker v. Walter*, 700 F. 2d 1058, 1062 (6th Cir. 1983).  *See also*, *Lewis Cass Intermediate School District v. M.K.*, 290 F. Supp. 2d 832, 834 (W.D. Mich. 2003).

### Plaintiff-Appellant Chardon Local School District Board of Education's Motion to Dismiss Defendants-Appellees' Counterclaim

The District has moved to dismiss the parents' Counterclaim, arguing that an original action disputing the findings of the SLRO cannot be brought without exhaustion of administrative remedies and, alternatively, if the Counterclaim is treated as an administrative appeal, then it is time-barred.

In its Reply Memorandum in support of its Motion to Dismiss, the District contends that Defendants-Appellees' Counterclaim "amounts to no more than an original action against the School Board."  Before an action can be brought for damages, whether or not available under the IDEA, all administrative remedies must first be exhausted. *Covington v. Knox County School System*, 205 F. 3d 912 (2000).  On behalf of A.D., her parents pursued due

process review, initiated hearings before the IHO, and appealed the matter to the SLRO. What further administrative remedy could they have pursued? In their pleading before this Court, Defendants-Appellees themselves recite that they are seeking judicial review of their daughter's educational plan. Their filing is captioned as an answer and counterclaim; but, unlike the claim in *Covington* (which was a § 1983 action), it is not an original damages action. Rather, the parents are asserting claims and praying for relief under the IDEA.

With regard to the timeliness issue raised in the District's Motion to Dismiss, the decision of the SLRO was issued on March 15, 2004. An "aggrieved party" has forty-five days after notification of the decision to appeal. *IDEA ; Ohio Revised Code § 3323.05(F), supra*. Accordingly, the District asserts that the Answer and Counterclaim of April 30, 2004 was a day late.

The initial problem with the District's motion is that it is brought pursuant to Fed. R. Civ. P. 41(c). That provision applies to the voluntary dismissal of counterclaims, cross-claims and third-party claims and, consequently, does not form the basis for a dispositive motion. This Court, therefore, will treat the motion as one brought pursuant to Fed. R. Civ. P. 12(b)(6). That dismissal standard is a stringent one, and a motion to dismiss will not be granted unless no set of facts can be found to support the cause of action.

The parents of A.D., while not conceding the applicable statute of limitations, assert that their Counterclaim was timely. Along with a copy of the decision of the SLRO, they submit evidence to the Court that the decision was received in the Ohio Legal Rights Office on March 16, 2004. In a case analyzing the notification requirement in another context, the Sixth Circuit stated:

> The word, 'notified', in its ordinary usage, means the completed act of bringing information to the attention of another. Webster's Third New International Dictionary, 1545 (4th Ed. 1961).

*Detroit Coil Co. v. International Assoc Of Machinists & Aerospace Workers*, Lodge 82, 594 F. 2d 575 (6th Cir. 1979).

Defendants-Appellees contend that the Answer and Counterclaim, then, was filed on the forty-fifth day after they were "notified."  The intent behind the IDEA is to grant children with disabilities and their parents comprehensive procedural and substantive rights, ensuring the children receive a free appropriate public education (FAPE).  In light of this beneficial purpose; considering the District failed to cite to the appropriate rule or statute authorizing dismissal; finding the exhaustion argument to be without merit; and since an examination of the Answer and Counterclaim does not demonstrate, on its face, that the forty-five days had expired, this Court denies the District's Motion to Dismiss.

**Cross-Motions for Summary Judgment**

As noted previously, the District Court  performs a modified *de novo* review of the decision of the State Level Review Officer.  The court must consider the administrative record, consider additional evidence if requested, and "make findings of fact based upon a preponderance of the evidence contained in the complete record, while giving some deference to administrative findings particularly where educational expertise is essential to the findings."  *N.L. v. Knox County Schools*, 315 F. 3d 688, 692 (6th Cir. 2003).  *See also, Knable v. Bexley City Sch. Dist*., 238 F. 3d 755, 764 (6th Cir. 2001).

The District insists that the SLRO and IHO erred and abused their discretion by considering the breach of contract issue, i.e., the alleged breach of the Mediation Agreement.

However, IDEA jurisdiction is described as "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR § 300.507(a)(1).  In this situation, the Mediation Agreement, by mutual consent of the parties, was affixed to the individualized educational program of A.D., and, thus, became a part of her educational record.  The IHO acknowledged a split of authority regarding the jurisdiction of a hearing officer to consider claimed violations of settlement agreements. Yet, this Court agrees with the IHO that it is wholly appropriate to treat alleged violations of the terms of the instant Mediation Agreement within the scope of due process review.

Both the IHO and the SLRO found that the District provided A.D. with a "free appropriate public education" when it offered A.D. "personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." *Hendrick Hudson Cent. School Distr. Bd. Of Edn. v. Rowley*, 485 U.S. 176, 188-189 (1982).  Despite this overall positive evaluation, the District was held to have breached the Mediation Agreement by failing to provide and  notify the parents of weekly community activities for their daughter to participate in and by failing to allow the parents' meaningful input in discussions of extended school year and inclusion in regular education classes.  The parents were awarded compensatory education/recreation hours as well.  These delineated deficiencies do not rise to level of legal wrongs, but illustrate the District's obligation under the IDEA  to provide the parents of disabled children with real and fruitful opportunities to participate and offer input into their children's educational experience.

The SLRO found: "the professionals simply said there was no reason for ESY and the parents were afforded no opportunity to participate in the making of that decision" and

concluded : "that no meaningful meeting was held, as the Petitioners were not afforded an opportunity to discuss ESY but were simply informed of the District's decision on that topic."

However, this Court notes that the decision of the IHO provides a more complete picture. The IHO recited that an IEP meeting was convened on April 16, 2003 with the following in attendance: Petitioner mother, Dr. Donald Menefee, her attorney, Dr. Kevin Guynn, Director of the Office for Exceptional Children of the School District, Amy Percassi, Director of the STARS program, Wendy Bergant, intervention specialist, Lynn Phoenix, speech-language pathologist, Kathrine Gingerich, occupational therapist, all members of the STARS team, Shannon Lakatosh, regular education teacher and Susan McGown, counsel for the school district. The District's position was summarized as follows: "no regression of skills has occurred during those periods of absence or vacation throughout the school year; the child has made progress on all her goals and objectives.  Under the state's criteria for extended school year services, the child does not qualify."  Yet, the District counsel added: "if a change occurs in the last progress report at the end of the year, we will certainly come back and revisit it."  The mother asked questions, expressed her disagreement and voiced her concerns that ESY was necessary for her daughter's language and generalization skills.  "The parent and her attorney did not address the issues of regression or recoupment; rather, the parent framed her position in terms of compensatory education for services allegedly not provided and the need to encourage emerging language and signing skills." (IHO Decision at p. 46).

Looking at the evidence on the whole record, with due deference –  not blind adherence --  to the expertise of the state hearing officers, this Court holds that the District did

not violate the IDEA nor breach the Mediation Agreement with regard to providing a meaningful IEP meeting on the question of the Extended School Year for A.D.  Congress emphasizes that parents and guardians must be given "a large measure of participation at every stage of the administrative process."  *Board of Education v. Rowley*, 458 U.S. 176, at 205-206 (1982); *N.L. v. Knox County Schools*, 315 F. 3d at 692.  This Court must examine the record for procedural compliance and then determine whether there was substantive harm — that is, whether any procedural violations seriously infringed upon the parents' opportunity to participate in the IEP process.  *Rowley*, 458 U.S. at 206. "[S]chool evaluators may prepare reports and come with pre-formed opinions regarding the best course of action for the child as long as they are willing to listen to the parents and parents have the opportunity to make objections and suggestions."  *N.L. v. Knox County Schools*, 315 F. 3d at 694.  As noted above, A.D.'s mother had the chance to object and to assert her position as to her daughter's right to ESY.  The District agreed to keep the matter "open-ended" and to re-visit the issue at the end of the year.  Unfortunately, the meeting took place on April 16, 2003, spring break extended from April 18 through April 27, 2003, the child returned for one day on April 28, 2003, and was formally withdrawn from the School District on May 11, 2003.  There was, as a result, no re-opening of the discussion of A.D.'s IEP or ESY – through no fault of the District's.

The District also argues that once A.D. and her parents moved out of the Chardon Local School District and into the Electronic Classroom of Tomorrow ("ECOT") School District, the claim regarding the Extended School Year became moot.  This argument must fail because "while a school district typically has no continuing obligation to provide FAPE to the child of a parent who has moved out of the district, a school district nonetheless

-10-

may be required to compensate a student for any IDEA violations that occurred before the move." See *Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1,5 n.3 (1993); *Cass*, 290 F. Supp. 2d 832 at 838. A.D. and her parents have resided in the ECOT district since May 11, 2003; but the parents initiated a due process request based upon alleged breaches of the Mediation Agreement on April 27, 2003 – prior to their move.

Upon review of the administrative record, with due deference to the expertise of the hearing officers below, and based on a preponderance of the evidence, this Court finds that the District is entitled to relief as a matter of law on the violation found by the SLRO as to ESY but that the decision of the State Level Review Officer, issued on March 15, 2004, is affirmed in all other respects.

On their Cross-Motion for Summary Judgment, the Defendants-Appellees, the parents of A.D., have not met their evidentiary burden of producing material facts justifying injunctive relief nor of demonstrating that FAPE was not provided to their child. "A school district's failure to comply with the procedural requirements of the Act will constitute a denial of FAPE only if such violation causes substantive harm to the child or his parents." *N.L. v. Knox County Schools*, 315 F. 3d at 693. The findings of the hearing officers, with the exception of the mandate regarding ESY, are affirmed; but no additional compensation is awarded.

The parents assert that they should be awarded attorney fees of approximately Thirty-Nine Thousand Dollars ($39,000) under 20 U.S.C. § 1415(i). That statutory section places the attorney fee award squarely within the discretion of the Court. Consequently, this Court determines that such an award against the District would be unduly harsh since the District, at

all times, provided A.D. with a "free appropriate public education."  Moreover, the District first sought the intercession of this Court and the parents entered into the process **only** after the District initiated it. This consideration weighs against the sizeable attorney fee award.  No attorney fees will be awarded to the Defendants-Appellees under 20 U.S. C. § 1415(i).

### III. CONCLUSION

Based upon the applicable law, the arguments presented, and the considerations compelled by the public policy behind the IDEA, Plaintiff-Appellant's Motion to Dismiss Defendants-Appellees' Counterclaim is denied, Plaintiff-Appellant's Cross-Motion for Summary Judgment is granted in part and denied in part; Defendants-Appellees' Cross-Motion for Summary Judgment is granted in part and denied in part; and this administrative appeal is dismissed.

IT IS SO ORDERED.

DATE:  __3/27/06_____

 s/ Christopher A. Boyko_____
CHRISTOPHER A. BOYKO
United States District Judge
(Signed original on file)